

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John D. Reed
Commissioner Bureau of Labor Statistics
Austin, Texas

Dear Mr. Reed:

Opinion No. O-5650
Re: The status of a renewal
of the regular contract,
in accordance with the
provisions of S. B. 266,
48th Legislature, for
office space for the
Boiler Inspection Divi-
sion of the Bureau of
Labor Statistics.

You make the following inquiry:

"This Department in July 1941 requested the Board of Control to secure office space for our Boiler Inspection Division. Bids were taken by the Board of Control, and the contract was let to the Tribune Building on a monthly basis, no time limit specified, at a rate of $125.00 per month. This arrangement was continued until September 30, 1943.

"During the month of September we were advised that bids must be taken for the renewal of this rental contract in accordance with Senate Bill 266, Acts of the 48th Legislature. On September 22nd this Department requested the Board of Control to secure such needed space according to the provisions of that bill. During that time, however, the regular monthly bill for space in the Tribune Building for the month of September was presented to the Board of Control for approval but was returned to this Department by reason of your opinions Nos. 05427, 05565, and 05578.

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable John D. Reed, Page 2

"Will you please advise me whether or
not these opinions apply in our case, due to
the fact that our rental agreement was on a
monthly basis instead of for a specified
period of time."

Senate Bill No. 266, Chapter 258 of the Regular
Session of the 48th Legislature with respect to office
space for State agencies or departments does apply to ren-
tal agreements existing upon the effective date of the act
where such agreement is upon a monthly basis, as well as
to lease agreements extending one year or more. The pur-
pose of the Act was to require all rentals for the State
to be made in the manner therein pointed out.

This is a categorical answer to your question,
but in the light of your full statement you are perhaps
more concerned with the further question of whether or
not the regular monthly rental bill for the month of Sep-
tember should be approved and paid.

We have heretofore held that under the terms of
Senate Bill No. 266 all existing contracts for space covered
by the Act were void--that is, terminated--upon September 1,
1943. See opinions No. 0-5427 and No. 0-5578 referred to in
your letter.

It therefore became necessary for such agencies
and departments to obtain new rental or lease contracts ef-
fective September 1, 1943.

It is well settled that no liability can be created
against the State except when it is incurred under some pre-
existing law. (See Ft. Worth Cavalry Club vs. Sheppard, 125
Tex. 339, 83 S.W. (2d) 660.)

Upon September 1, 1943, there was no pre-existing
law other than Senate Bill No. 266 by which such liability
for rental space for State agencies and departments could
be incurred.

We therefore beg to advise that no bill for rental for September, 1943, should be approved or paid.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

APPROVED OCT 22 1943

FIRST ASSISTANT
ATTORNEY GENERAL

OS:jj

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE


APPROVED
OPINION
COMMITTEE
BY CHAIRMAN